United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAYJOY, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>KENNETH T. CUCCINELLI,<br><br>    Defendant. | Case No. 19-cv-03977-HSG<br><br>**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. No. 2 |

Pending before the Court is a motion for a temporary restraining order and motion to show cause filed by Plaintiff PayJoy, Inc. ("PayJoy") on July 11, 2019. Dkt. No. 2 ("Mot."). In short, PayJoy alleges that the United States Citizenship and Immigration Services ("USCIS") wrongly denied PayJoy's H-1B petition, which sought to classify the beneficiary Qihan Xie as a temporary worker in a specialty occupation under 8 U.S.C. § 1101(a)(15)(H)(i)(b). PayJoy contends that the agency's decision that the position did not meet the statutory requirement that entry into the occupation normally requires a bachelor's degree or higher was an arbitrary and capricious final agency action. *See* Dkt. No. 1 ¶¶ 28–39. Plaintiff currently seeks "an order temporarily enjoining [USCIS] from withholding the benefits associated with an approved H-1B." Mot. at 7. On July 15, 2019, Defendant Kenneth T. Cuccinelli, in his official capacity as Acting Director of USCIS, opposed Plaintiff's motion. Dkt. No. 9 ("Opp."). For the following reasons, the Court **DENIES** the motion.[1]

//

//

---

[1] The Court finds that this matter is appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b).

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Prior to any association with PayJoy, Ms. Xie worked as a "financial specialist" for a raisin packing company pursuant to an approved H-1B visa. Mot. at 10. On May 6, 2019, PayJoy filed a Petition for a Nonimmigrant Worker (Form I-129), which sought to transfer Ms. Xie's H-1B visa to PayJoy, for a "financial analyst" position. *Id.*; *see also* Dkt. No. 2-2 ("AR") at 16–23. On May 16, 2019, USCIS issued a Request for Evidence ("RFE"), seeking additional information from which the agency might conclude that the proffered position constitutes a "specialty occupation." AR at 109–18. Plaintiff responded to the RFE on June 5, 2019, *id.* at 119–44, but the agency nonetheless concluded on June 18, 2019 that the position did not qualify as a "specialty occupation" under the statute, *id.* at 4–11. Among other reasons, USCIS determined that PayJoy did not show that the financial analyst position required a bachelor's degree or higher *in a specific specialty*. *Id.*

## II. LEGAL STANDARD

The standard for issuing a temporary restraining order and issuing a preliminary injunction are substantially identical. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). Either is an "extraordinary remedy" that the court should award only upon a clear showing that the party is entitled to such relief. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Plaintiffs seeking preliminary relief must establish: (1) that they are likely to succeed on the merits; (2) that they are likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in their favor; and (4) that an injunction is in the public interest. *Id.* Preliminary relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 22. A court must find that "a certain threshold showing" is made on each of the four required elements. *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011). Under the Ninth Circuit's sliding scale approach, a preliminary injunction may issue if there are "serious questions going to the merits" if "a hardship balance [also] tips sharply towards the [movant]," and "so long as the [movant] also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

2

Where a plaintiff seeks mandatory injunctive relief instead of prohibitory injunctive relief to maintain the status quo, a plaintiff's burden is "doubly demanding."[2] *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015). Such a plaintiff "must establish that the law and facts *clearly favor* her position, not simply that she is likely to succeed." *Id.* And the Ninth Circuit often cautions that a mandatory injunction "goes well beyond simply maintaining the status quo *pendente lite* [and] is particularly disfavored." *Id.* (quoting *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994) (internal citations omitted)). District courts thus should deny such requests "unless the facts and law clearly favor the moving party." *Stanley*, 13 F.3d at 1320 (quoting *Anderson v. United States*, 612 F.2d 1112, 1114 (9th Cir. 1979)). Put differently, mandatory injunctive relief should never issue in "doubtful cases." *Garcia*, 786 F.3d at 740 (quoting *Park Vill. Apartment Tenants Ass'n v. Mortimer Howard Tr.*, 636 F.3d 1150, 1160 (9th Cir. 2011)).

## III. DISCUSSION

The Court finds that Plaintiff has failed to meet the extraordinarily high burden to warrant mandatory injunctive relief. Specifically, Plaintiff fails to show that the law and facts clearly favor its position. *See id.* And because Plaintiff's request for mandatory injunctive relief fails on this ground, the Court need not address the other *Winter* factors.

Plaintiff's dispute concerns whether USCIS erred in finding that PayJoy's "Financial Analyst" position is not a "specialty occupation." As defined by statute, a "specialty occupation" for present purposes is "an occupation that requires theoretical and practical application of a body of highly specialized knowledge, and attainment of a bachelor's or higher degree in the specific specialty (or its equivalent) as a minimum for entry into the occupation in the United States." 8 U.S.C. § 1184(i)(1)(A)–(B). Pertinent regulations clarify:

> Specialty occupation means an occupation which requires theoretical and practical application of a body of highly specialized knowledge in fields of human endeavor including, but not limited to, architecture, engineering, mathematics, physical sciences, social sciences,

---

[2] There is no dispute that Plaintiff here seeks a mandatory injunctive relief because an order enjoining USCIS from withholding benefits is the same thing as an order directing USCIS to provide such benefits.

3

> medicine and health, education, business specialties, accounting, law, theology, and the arts, and which requires the attainment of a bachelor's degree or higher in a specific specialty, or its equivalent, as a minimum for entry into the occupation in the United States.

8 C.F.R. § 214.2(h)(4)(ii). And as detailed under those same regulations, PayJoy can establish that Ms. Xie would perform a "specialty occupation" by proving to USCIS by a preponderance of the evidence that the Financial Analyst position meets one of four criteria:

(1) A baccalaureate or higher degree or its equivalent is normally the minimum requirement for entry into the particular position;

(2) The degree requirement is common to the industry in parallel positions among similar organizations or, in the alternative, an employer may show that its particular position is so complex or unique that it can be performed only by an individual with a degree;

(3) The employer normally requires a degree or its equivalent for the position; or

(4) The nature of the specific duties are so specialized and complex that knowledge required to perform the duties is usually associated with the attainment of a baccalaureate or higher degree.

*Id.* § 214.2(h)(4)(iii)(A); *see also* 8 U.S.C. § 1361 (providing the burden of proof).

In this suit, PayJoy principally takes issue with the following: (1) USCIS's interpretation of the "degree" requirement "to mean not just any bachelor's or higher degree, but one in a specific specialty that is directly related to the proffered position," *see, e.g.,* Mot. at 33–34, 36; and (2) USCIS's authority to determine whether a proffered position "actually requires the theoretical and practical application of a body of highly specialized knowledge," *id.* at 34–36.

PayJoy's challenge to USCIS's interpretation of the "degree" requirement is defective in several respects. First, as to PayJoy's contention that USCIS lacks the requisite expertise in determining what constitutes a specialty occupation, it is unclear at this stage that this Court is even the proper place to raise that challenge. Given that it appears Congress delegated such determinations to USCIS, it does not appear that the exercise of that authority, in and of itself, is improper. Second, and most important, although PayJoy maintains that there is no specific specialty requirement, the plain statutory and regulatory text indicates otherwise. *See* 8 U.S.C.

4

§ 1184(i)(1)(B) and (2)(B); 8 C.F.R. § 214.2(h)(4)(ii). PayJoy even goes so far as to characterize the statute and regulation as merely requiring any bachelor's degree while omitting the "specific specialty" language from each. *See* Mot. at 8 (citing 8 U.S.C. § 1184(i) but omitting the requirement that the proffered position requires "attainment of a bachelor's or higher degree <u>in the specific specialty</u> (or its equivalent)") (emphasis added); *id.* at 41 (quoting 8 C.F.R. § 214.2(h)(4)(i)(A)(1) but omitting language providing that the beneficiary must be "qualified to perform services <u>in the specialty occupation</u> because he or she has attained a baccalaureate or higher degree or its equivalent <u>in the specialty occupation</u>") (emphasis added). Nor does PayJoy cite to a single case to support its interpretation of the degree requirement. To the contrary, the Court's own research has only uncovered cases supporting USCIS's interpretation. *See Innova Sols., Inc. v. Baran*, 338 F. Supp. 3d 1009 (N.D. Cal. 2018) (finding USCIS did not abuse its discretion in reading the degree requirement together with the "specific specialty" language).

Given that the statutory and regulatory text appear to support USCIS's interpretation that the degree requirement must be read in conjunction with the "specific specialty" requirement, the Court finds that Plaintiff has not met its high burden to establish that the law and facts clearly favor its position. *See Garcia*, 786 F.3d at 740.

## IV. CONCLUSION

For these reasons, Plaintiff's motion for a temporary restraining order is **DENIED**.[3]

**IT IS SO ORDERED.**

Dated: 7/16/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[3] Defendant notes, and the Court agrees, that this case appears to be subject to the Court's General Order No. 61 for Immigration Mandamus Cases. *See* Opp. at 1. The parties are **DIRECTED** to comply with the general order, including all deadlines set forth therein. If Plaintiff disagrees that General Order 61 applies, it must file a statement of its position not to exceed two pages by July 19, 2019.

5