1
2
3
4          UNITED STATES DISTRICT COURT
5          NORTHERN DISTRICT OF CALIFORNIA
6

7   PAYJOY, INC.,                              Case No. 19-cv-03977-HSG

8                    Plaintiff,               **ORDER DISMISSING CASE AS MOOT**

9         v.

10  KENNETH T. CUCCINELLI,

11                   Defendant.

12        The parties' cross-motions for summary judgment are under submission. Dkt. Nos. 15, 19.

13  Because it belatedly has been brought to the Court's attention that Plaintiff's second H1-B visa

14  petition to classify Quihan Xie as a temporary worker in a specialty occupation was granted, the

15  Court finds that the action is moot and the Court accordingly lacks jurisdiction.

16  **I.    BACKGROUND**

17        On May 6, 2019, PayJoy, Inc. ("PayJoy" or "Plaintiff") filed a Petition for a Nonimmigrant

18  Worker (Form I-129) with the U.S. Citizenship and Immigration Services ("USCIS"), applying for

19  a H-1B visa to classify Ms. Xie as a temporary worker in a specialty occupation. Dkt. No. 2-2

20  ("AR") at 16–108. The H1-B visa program permits employers to temporarily employ

21  nonimmigrant workers in specialty occupations. 8 U.S.C. § 1101(a)(15)(H). PayJoy sought to

22  obtain for Ms. Xie an H-1B visa for a "Financial Analyst" position in its San Francisco office. AR

23  at 16.

24        On June 18, 2019, USCIS denied PayJoy's application, finding that it had failed to meet

25  any of the four criteria detailed in 8 C.F.R. § 214.2(h)(4)(ii). First, it determined that PayJoy did

26  not show that the financial analyst position required a bachelor's degree or higher *in a specific*

27  *specialty*, finding that "a position that allows for a degree in accounting, economics, finance,

28  statistics, and mathematics, is too broad." AR at 7. USCIS further stated that it "consistently

interprets the term 'degree' in the criteria at 8 C.F.R § 214.2(h)(4)(iii)(A) to mean not just any bachelor's or higher degree, but one in a specific specialty that is directly related to the proffered position." AR at 5. Second, PayJoy failed to "submit evidence to demonstrate that a degree in a specific field of study is common to the financial services industry in parallel positions among similar organizations" or provide "evidence showing the unique or complex nature of the position." *Id.* at 8–9. Third, PayJoy failed to "provide corroborating evidence such as copies of [] employee degrees, pay records, job titles, description of duties, etc." to support the Vice President of Finance's letter, which indicated that PayJoy normally requires a bachelor's degree or higher. *Id.* at 9. Finally, USCIS found that the "provided duties were described in generalized and abstract terms that lack sufficient details to show that the nature of the duties were so specialized and complex" to satisfy the final requirement. *Id.* at 10.

The Court heard arguments on the parties' summary judgment motions on March 12, 2020. *See* Dkt. No. 23.

## II. LEGAL STANDARD

Article III of the United States Constitution limits federal jurisdiction to "actual, ongoing cases or controversies." *Wolfson v. Brammer*, 616 F.3d 1045, 1053 (9th Cir. 2010) (citing *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990)). To sustain jurisdiction, "[a] case or controversy must exist at all stages of review, not just at the time the action is filed." *Id.* "A case may become moot . . . when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* This Court is "without power to decide questions that cannot affect the rights of litigants in the case before [it]." *Oregon v. F.E.R.C.*, 636 F.3d 1203, 1206 (9th Cir. 2011).

## III. ANALYSIS

On March 26, 2020, Defendant's counsel notified the Court that Plaintiff's counsel had told her that on September 4, 2019, more than six months earlier, USCIS approved a second H1-B visa petition that PayJoy filed on behalf of Ms. Xie to employ her in a Financial Analyst position. *See* Dkt. No. 25. The Court subsequently ordered Plaintiff to show cause why the case should not be dismissed as moot in light of the approval of the second petition. *See* Dkt. Nos. 26, 27. In

responding to the OSC, after a somewhat roundabout recounting of the course of events, Plaintiff's counsel confirmed that "Plaintiff and undersigned counsel do not object to dismissal of the case," and that he had otherwise sought "to work with defendant's counsel to dismiss the case" in light of the approval of the second petition. Dkt. No. 28 at 3.[1] It does not appear from the government's filing that it disputes that the case is moot. *See* Dkt. No. 25 at 3 (prefacing argument with the qualifier "[t]o the extent the Court does not find this case moot"). Because the exact relief sought in this action, requiring Defendant to approve a H1-B petition on behalf of Ms. Xie, has already been granted, the Court no longer has jurisdiction over the case. *See Calderon v. Moore*, 518 U.S. 149, 150 (1996) (case should be dismissed as moot "when, by virtue of an intervening event, [the Court] cannot grant any effectual relief whatever in favor of the [Plaintiff]") (internal quotations omitted).

Accordingly, the case is DISMISSED as moot. The clerk is directed to close the case.

**IT IS SO ORDERED.**

Dated: 4/9/2020

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[1] Plaintiff's counsel cryptically explains that he learned of the grant sometime "[f]ollowing submission of briefs in this case," Dkt. No. 28 at 1, but does not say when. It should go without saying that if counsel learned this obviously relevant information before the hearing on the cross-motions, he should have shared it with the Court before the hearing (or at the hearing, at the latest), to avoid the needless use of Court and party resources that appears to have occurred here.

United States District Court
Northern District of California